United States District Court
Southern District of Texas
**ENTERED**
March 15, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DYNAMIC SPORTS NUTRITION, LLC, § § § Plaintiff, § § v. § § HI-TECH PHARMACEUTICALS, INC., § § § Defendant. § | CIVIL ACTION NO. H-15-2645 |

## MEMORANDUM AND ORDER

This action for declaratory judgment was brought on September 12, 2015, by Plaintiff Dynamic Sports Nutrition, LLC ("DSN") against Defendant Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech"). On September 28, 2015, Hi-Tech filed suit against DSN for federal trademark infringement and Georgia state causes of action in the Northern District of Georgia. That suit was transferred to this judicial district on November 18, 2015, and is pending before the Honorable Keith P. Ellison, Case No. 4:15-CV-3401.

Defendant Hi-Tech has filed a Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, to Transfer Venue [Doc. # 29] ("Motion"), to which DSN has responded [Doc. # 31] ("Response") and Hi-Tech replied [Doc. # 32]

("Reply"). The Motion is ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that Defendant's Motion should be **granted**.

Hi-Tech also filed a Motion for Sanctions [Doc. # 33], accompanied by a request for oral argument [Doc. # 34]. On March 3, 2016, DSN filed a response [Doc. # 39]. Hi-Tech filed a Reply [Doc. # 42] on March 14, 2016. The Court **denies** the request for sanctions without prejudice.

### I.     BACKGROUND

Plaintiff DSN seeks only declaratory relief in this lawsuit. DSN is a Texas LLC, with its principal place of business in Houston. DSN's owner and president is Brian Clapp. Defendant Hi-Tech is a Georgia corporation, with its principal place of business in Gwinnett County, Georgia. Hi-Tech's owner and president is Jared Wheat.

On September 11, 2015, Wheat sent an email to Clapp, alleging that DSN was infringing Hi-Tech's DIANABOL trademark by DSN's sale of products under the marks D-Anabol 25 and D-Anabol. Wheat and Clapp apparently exchanged multiple emails that day, and Hi-Tech's in-house counsel sent a letter, also dated September 11, 2015, demanding that DSN cease its allegedly infringing behavior by September 18, 2015. *See* Exhibit 1 to Response.

The very next day, September 12, 2015, DSN filed the instant action in the Southern District of Texas (the "first-filed suit"). DSN asserts two claims, each for declaratory judgment, and requests declarations that (i) DSN had not infringed Hi-Tech's DIANABOL mark and (ii) Hi-Tech had abandoned the mark. *See* Complaint [Doc. # 1]; Second Amended Complaint [Doc. # 27].

Sixteen days later, on September 28, 2015, Hi-Tech sued DSN in the Northern District of Georgia (the "second-filed suit"). Hi-Tech also named Brian Clapp as a defendant.[1] Hi-Tech's complaint brought the following claims: two counts of trademark infringement under the Lanham Act, 15 U.S.C. § 1114; two counts of false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); violation of Georgia's Deceptive Trade Practices Act, O.C.G.A. §10.1-372; unfair competition under Georgia common law; and three counts of violation of Georgia's Racketeer Influenced and Corrupt Organizations Act ("RICO"), O.C.G.A. §16-14-4(a)-(c). Hi-Tech's claims center around its position that certain DSN's products (specifically, D_ANABOL, DECA 200, TREN 75, and Pituitary Growth Hormone) violate Hi-Tech's DIANABOL trademark.

On October 2, 2015, DSN amended its complaint in the instant suit to add one

---

[1] Clapp is represented by the same counsel as DSN in this action. Counsel is the same for the parties, respectively, in both actions.

count under the Lanham Act, 15 U.S.C. § 1125(a), for unfair competition and false and misleading advertising, to its declaratory judgment causes of action. *See* First Amended Complaint [Doc. # 5]. Hi-Tech moved to dismiss that amended complaint. This Court orally denied that motion without prejudice and instructed DSN to file final amended pleadings. *See* Hearing Minutes and Order [Doc. # 26]. The Court also issued warnings under Federal Rule of Civil Procedure 11.

DSN filed its Second Amended Complaint [Doc. # 27] on December 30, 2015, thereby abandoning its putative Lanham Act claim. Like the original pleading, DSN's Second Amended Complaint includes two claims: (1) a request for a judicial declaration that DSN has not infringed any Hi-Tech mark including DIANABOL; and (2) a request for a judicial declaration of laches or abandonment by Hi-Tech of its rights to the DIANABOL mark. These requested declarations amount to defenses against Hi-Tech's infringement claims, and thus could be raised by DSN as defenses in the second-filed action.

On November 18, 2015, on Hi-Tech's motion, District Judge Mark H. Cohen transferred the second-filed action from the Northern District of Georgia to the Southern District of Texas, deeming that court the appropriate one to decide whether the second-filed action should be allowed to proceed (or be consolidated with the first-filed action) and whether Texas or Georgia is the appropriate venue to resolve the

parties' dispute. Order, dated Nov. 18, 2015, at 5 (Exhibit 5 to Response). Judge Cohen did not address the other arguments DSN asserted. Upon transfer to this district, the second-filed action was assigned to Judge Keith P. Ellison. *See Hi-Tech Pharmaceuticals, Inc. v. Dynamic Sports Nutrition, LLC*, No. 4:15-CV-3401 (S.D. Tex.). Judge Ellison set a conference for March 18, 2016, but has made no other rulings.

On January 14, 2016, Hi-Tech filed its motion to dismiss DSN's Second Amended Complaint, the operative pleading before this Court. Hi-Tech argues that compelling circumstances support the dismissal of this first-filed action and, alternatively, the case should be transferred back to Georgia under 28 U.S.C. § 1404(a).

## II. ANALYSIS

### A. Hi-Tech's Motion to Dismiss First-Filed Action

*First to File Rule.*—The first-to-file rule rests on principles of comity and sound judicial administration. This rule provides guidance to courts in deciding which court "should maintain jurisdiction over claims that arise out of the same subject matter but are pressed in different suits." *Igloo Products Corp. v. The Mounties, Inc.*, 735 F. Supp. 214, 217 (S.D. Tex. 1990) (Hittner, J.) (citing, *inter alia*, *West Gulf Maritime Association v. ILA Deep Sea Local 24,* 751 F.2d 721, 730 (5th Cir. 1985)).

Under this rule, "[i]n the absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide whether it will try the case." *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971). *See Needbasedapps, LLC v. Robbins Research Int'l, Inc.*, 926 F. Supp. 2d 907, 913 (W.D. Tex. 2013); *Multi-Shot, LLC v. B & T Rentals, Inc.*, 2010 WL 376373, at *4 (S.D. Tex. 2010) (Rosenthal, J.).

Hi-Tech argues that "compelling circumstances" warrant dismissal of this first-filed action because DSN has engaged in improper "forum shopping" by filing an anticipatory suit. The parties agree that this and the second-filed action involve substantially similar issues, although the second-filed case has more claims and parties. As presiding judge over the first-filed action, this Court must decide whether the case at bar proceeds or should be dismissed in deference to the second-filed action. *See Mann Mfg.*, 439 F.2d at 407.[2]

***Declaratory Judgment Actions.*** — Here, DSN brings claims solely under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking judicial declarations validating two of its potential defenses to Hi-Tech's trademark claims asserted in the second-

---

[2] As noted, Judge Cohen transferred the second-filed action to this judicial district simply because the first-filed case is pending here. *See* Order dated Nov. 18, 2015, at 5 (Exhibit 5 to Response). *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (the court with the later-filed action "may refuse to hear it if the issues raised by the cases substantially overlap").

filed suit. DSN, in its original and pending complaints, has not included any causes of action seeking affirmative substantive or injunctive relief.

The Declaratory Judgment Act gives courts substantial discretion over whether to exercise their jurisdiction. The statute is an "enabling act" that grants a court discretion to hear and enter judgment on requests for declarations of rights.[3] *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003). "'In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *Id.* (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)). *See Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983) ("the Declaratory Judgment Act gives the court a choice, not a command") (internal citation and quotation marks omitted).

In deciding whether to dismiss a declaratory judgment action, courts in the Fifth Circuit follow a three-step process: "A federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or

---

[3] 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.") (emphasis added).

dismiss the action." *Sherwin-Williams*, 343 F.3d at 387. *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

In this case, the parties do not dispute the first two factors, that is, justiciability and authority. The Court agrees that the substantial and immediate controversy between the parties presents justiciable issues that the Court has authority to decide. *See Sherwin-Williams*, 343 F.3d at 387; *Venator Group Specialty, Inc. v. Matthew/Muniot Family, L.L.C.*, 322 F.3d 835, 838 (5th Cir. 2003).

The third factor under the Act is the Court's discretion to decide or dismiss the action. To guide the exercise of discretion, courts in the Fifth Circuit have been directed to consider seven factors set forth in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994) (the "*Trejo* factors"):

(1)  whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2)  whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3)  whether the plaintiff engaged in forum shopping in bringing the suit;

(4)  whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5)  whether the federal court is a convenient forum for the parties and witnesses;

(6)  whether retaining the lawsuit would serve the purposes of judicial

>
> economy;
>
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 590-91.  *See Sherwin-Williams*, 343 F.3d at 388; *Am. Bankers Life Assurance Co. of Fla. v. Overton*, 128 F. App'x 399, 402 (5th Cir. 2005).  The Fifth Circuit has held "repeatedly" that each of the seven *Trejo* factors "*must* be examined *on the record* before a discretionary, nonmerits dismissal of a declaratory judgment action occurs."  *Overton*, 128 F. App'x at 402 (citing *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001); *Trejo*, 39 F.3d at 590; *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 777 (5th Cir. 1993)) (emphasis in *Overton*).

The *Trejo* factors generally address three concerns:  federalism, fairness and improper forum shopping, and efficiency.  *Sherwin-Williams*, 343 F.3d at 390-91.  The Court turns to an analysis of each pertinent factor.

Regarding whether DSN filed this as an anticipatory suit, *Trejo* factor # 2, the answer is plainly "yes."  DSN filed suit the day after receiving notice of Hi-Tech's contention that DSN was infringing on Hi-Tech's trademarks.  Apart from a brief heated email exchange between the parties on the day before suit was filed, DSN apparently neither engaged in discussion nor gave any non-litigation response to Hi-Tech before filing its declaratory judgment claims.  This factor weighs heavily in

favor of dismissal.

Factor # 3 also weighs in favor of dismissal. DSN plainly engaged in forum shopping; DSN sought to litigate in its home district. "Merely filing a declaratory judgment action in a court with jurisdiction to hear it, in anticipation of litigation in another forum, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Sherwin-Williams*, 343 F.3d at 391. Contrary to the circumstances in cases cited by DSN, the events here did not mandate DSN's immediate filing of a declaratory judgment suit. There is no indication DSN was concerned about expiration of an applicable statute of limitations. Hi-Tech had not repeatedly threatened DSN with suit but refrained for a lengthy time from doing so.[4]

Factor # 4 addresses possible inequities if DSN were allowed to proceed in this forum. When a declaratory judgment action is filed "for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction," the first-filed declaratory claims should be dismissed. *909 Corp. v. Village of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292 (S.D. Tex. 1990) (Hittner, J.) (citing, *inter*

---

[4] *See and compare Sherwin-Williams*, 343 F.3d at 397 ("A proper purpose of § 2201(a) is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations has expired." (citing *Texas Employers' Ins. Assoc. v. Jackson*, 862 F.2d 491, 505 (5th Cir. 1988)). *See also Am. Univ. Sys. Inc. v. Am. Univ.*, 858 F. Supp. 2d 705, 712 (N.D. Tex. 2012) (declaratory judgment plaintiff was entitled to bring suit rather than "wait to see if [d]efendants ever made good on their threats to sue" after three letters were sent over a period of several months).

*alia*, *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d at 602; *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967)).[5] If the courts were to permit DSN to proceed with its declaratory judgment action through its pell-mell "race to the courthouse," parties giving notice of perceived wrongs and trying to negotiate disputes would be discouraged from holding off on litigation. *See 909 Corp.*, 741 F. Supp. at 1293 ("Application of the first-filed rule could penalize [the defendant] for its attempt to make a good faith effort to settle out of court."); *see also New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 168 (5th Cir. 1986) ("The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum." (internal quotation marks and citations omitted)); *Serv. Corp. Int'l v. Loewen Group Inc.*, 1996 WL 756808, at *2 (S.D. Tex. 1996) (Rainey, J.) ("a suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed" (internal quotation marks and citations omitted)). Factor # 4 weighs in favor of dismissal of this declaratory judgment action.

*Trejo* factor # 6, *i.e.*, whether retaining this case would serve the purposes of judicial economy, weighs heavily in favor of dismissal. Both cases raise trademark

---

[5] These same factors are relevant to the "compelling circumstances" inquiry under the first-filed rule. *See Multi-Shot*, 2010 WL 376373, at *6 (Rosenthal, J.) ("When the first-filed action is the result of a preemptive 'race to the courthouse,' a court may allow a later-filed case to proceed in place of the first-filed action.").

claim issues under the Lanham Act, but the second-filed case also raises substantial claims under Georgia statutory and common law. All of the legal issues raised by DSN in the instant case are defenses to Hi-Tech's Lanham Act claims and can be resolved in the second-filed action. On the other hand, Hi-Tech's causes of action asserted under Georgia's Deceptive Trade Practices Act, Georgia's RICO statute, and Georgia's common law doctrine of unfair competition are matters a court in Georgia would best be suited to handle and would be able to address most efficiently. Finally, both the first-filed and the second-filed suits are in their infancy; no substantive legal issues have been decided.[6]

The other *Trejo* factors are neutral or irrelevant. Factor # 5, which pertains to the convenience of each forum for the parties and witnesses, is neutral because Georgia generally is more convenient for Hi-Tech employees and Texas is preferable to DSN. Factors # 1 and # 7 address federalism concerns that are not pertinent in this case as there is no pending related state action.

***Conclusion regarding Motion to Dismiss.*—** DSN's rush to the courthouse provides "compelling circumstances" warranting dismissal of this first-filed action. *See Mann Mfg.*, 439 F.2d at 407. As set forth above, the *Trejo* factors provide

---

[6] DSN argues that Hi-Tech had "no right to choose a forum" on September 12, 2015, when DSN's first-filed case was filed, because Hi-Tech lacked standing until September 24, 2015, when Wheat (Hi-Tech's president) assigned the mark to the company. This fact is immaterial to the Court's analysis.

additional support for this conclusion, especially the factors regarding anticipatory filings, forum shopping, and possible inequities if the case were to proceed in this forum. *See Trejo*, 39 F.3d at 590-91. The Court therefore exercises its discretion to dismiss the pending case despite its being filed prior to Hi-Tech's suit in Georgia. Hi-Tech's motion to dismiss is granted.[7]

### B. Hi-Tech's Motion for Sanctions

Hi-Tech filed a Motion for Sanctions [Doc. # 33] seeking sanctions under Federal Rule of Civil Procedure 11. DSN recently responded [Doc. # 39], and Hi-Tech has filed a Reply [Doc. # 42]. Hi-Tech seeks sanctions against DSN and its counsel to cover Hi-Tech's attorneys' fees, litigation costs incurred in Texas, and costs of travel to Texas, as well as disgorgement of DSN's gross sales proceeds.

Hi-Tech has not itemized its fees and costs in connection with any particular filing or appearance, and in fact has not requested any specific amount.

Rule 11(c) provides that sanctions may be imposed "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated." FED. R. CIV. P. 11(c). Rule 11(b) states that when an attorney or party files

---

[7] This Court does not reach Hi-Tech's alternate request for transfer of venue to the Northern District of Georgia. On the current record, however, the motion appears weighty, given the deference due to Plaintiff Hi-Tech's choice of forum, the Georgia court's greater familiarity with Georgia state law, and Georgia's local interest in enforcing its laws.

a document with the court, the person certifies that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) the filing is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . .

FED. R. CIV. P. 11(b). Hi-Tech alleges that DSN violated the three sections of Rule 11(b) set forth above. Rule 11 establishes an objective standard, and courts look to the state of affairs at the time the filing was signed. *Marceaux v. Lafayette City-Par. Consol. Gov't*, 614 F. App'x 705, 709 & n.3 (5th Cir. 2015) (citing *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802–05 (5th Cir.2003) (en banc); *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 569 (5th Cir.2006)).

Hi-Tech argues that the sanctions are justified by DSN's rushed, anticipatory filing of the instant suit's claims for declaratory judgment, as well as DSN's conduct in filing three complaints that delayed the progress of this litigation and thus ultimate resolution of the issues between the parties. Hi-Tech further maintains that DSN lacks

evidentiary or legal support for its positions in this lawsuit, including its positions on date(s) of trademark(s), prior use, and likelihood of confusion. DSN opposes the imposition of sanctions, and has submitted a declaration from its counsel, Stewart Hoffer. DSN argues that its filings were presented in good faith and that its claims were valid.

Hi-Tech seeks sanctions, first, because DSN filed this declaratory judgment action. Although this Court has ruled against DSN's position that the case at bar should proceed, sanctions are not warranted against a party merely for advancing a legal argument that ultimately fails. *See Health Net, Inc. v. Wooley*, 534 F.3d 487, 497 (5th Cir. 2008) ("[t]he signing attorney has a duty of reasonable inquiry, but his signature is not a guarantee of the correctness of the legal theories argued") (citing *City of El Paso, Tex. v. City of Socorro, Tex.,* 917 F.2d 7, 8 (5th Cir. 1990)).

Hi-Tech also seeks sanctions for DSN's advancement of claims and/or arguments that lack factual or legal basis. The Court declines to find, at this stage of litigation between the parties, that DSN's conduct violated Rule 11(b). After this Court issued Rule 11 warnings and gave DSN leave to replead its claims, DSN filed a Second Amended Complaint eliminating its Lanham Act claim. DSN thereby heeded the Court's warning, in contrast to the attorneys and parties who were sanctioned in the cases cited by Hi-Tech. *See Marceaux*, 614 F. App'x at 709

(plaintiff's counsel repeatedly filed documents for the purposes of unnecessary delay or cost, reasserting "impertinent, immaterial, and scandalous allegations . . . against which they had been warned" and claims that were "obviously deficient" under boilerplate law); *Osborn v. Bell Helicopter Textron, Inc.*, 828 F. Supp. 446, 452 (N.D. Tex. 1993) (party "knowingly advanced frivolous claims" and did not seek leave to replead until after the opposing party's dispositive motions were ripe, the opposing party had gone to the expense of a deposition, and the court had expended resources considering the issues).  Hi-Tech contends that DSN's Second Amended Complaint also was sanctionable because it lacked a proper legal and factual basis and has delayed resolution of the parties' dispute.  However, this inquiry is inextricably intertwined with the merits of the case, which this Court does not reach.  Whether the factual allegations and legal positions DSN asserted in this lawsuit, to which Hi-Tech was required to respond, are truly unsupportable based on "an inquiry reasonable under the circumstances," *see* FED. R. CIV. P. 11(b), is a question best addressed by the court that ultimately handles the merits of the parties' dispute.

Rule 11 sanctions at this juncture are not appropriate.  Hi-Tech's motion for Rule 11 sanctions is denied without prejudice.

### III.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, to Transfer Venue [Doc. # 29] is **GRANTED**. This action is **DISMISSED** in deference to the second-filed action brought by Hi-Tech and currently pending before Judge Ellison.   It is further

**ORDERED** that Defendant's Motion for Sanctions [Doc. # 33] is **DENIED without prejudice**.

**SIGNED** at Houston, Texas, this 15th day of **March, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE